JASON D. FIRTH (Nevada Bar No. 8801)
jfirth@bhfs.com
LAURA E. BIELINSKI (Nevada Bar No. 10516)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:  (702) 382-8135

Attorneys for Plaintiff
Station Casinos, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STATION CASINOS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RYAN MURPHY, an individual,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Cybersquatting<br>    under 15 U.S.C. § 1125(d)<br><br>(2) Trademark Infringement<br>    under 15 U.S.C. § 1114<br><br>(3) Unfair Competition<br>    under 15 U.S.C. § 1125(a)<br><br>(4) Trademark Dilution<br>    under 15 U.S.C. § 1125(c)<br><br>(5) State Trademark Infringement<br>    under N.R.S. § 600.420<br><br>(6) State Trademark Dilution<br>    under N.R.S. § 600.435<br><br>(7) Common Law Trademark Infringement<br><br>(8) Intentional Interference with Prospective Economic Advantage<br><br>(9) Deceptive Trade Practices<br>    under N.R.S. § 598.0903, et seq. |

For its complaint against Defendant Ryan Murphy ("Defendant"), Plaintiff Station

Casinos, Inc. ("Station Casinos" or "Plaintiff") alleges the following:

## NATURE OF THE CASE

This is an action for cybersquatting, trademark infringement, trademark dilution and unfair competition under federal statutes, with pendent state and common law claims for trademark infringement, trademark dilution deceptive trade practices, and intentional interference with prospective economic advantage. Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant operates a website on the Internet that is accessible to residents of the State of Nevada; (b) Defendant's website is interactive in that it links web users to gaming websites; and (c) Defendant's tortious conduct is aimed at or has an effect upon Plaintiff in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c).

## PARTIES

4. Plaintiff Station Casinos is a Nevada corporation and one of the leading providers of gaming and entertainment services in the United States.

5. Upon information and belief, Defendant Ryan Murphy is an individual and resident of Great Britain who operates a website linked to an online casino accessible by, and directed to, United States residents.

## PLAINTIFF'S RIGHTS

6. Through its wholly owned subsidiaries, Station Casinos operates several multi-million dollar resort hotel casinos throughout Nevada. Additionally, Plaintiff offers Internet

gaming services to Nevada residents through its "Sports Connection" Internet application, offered at the website www.stationsportsconnection.com.

7. Since adopting the trademark STATION CASINOS in 1984, Plaintiff has continuously used the STATION CASINOS trademark in connection with various goods and services, including but not limited to casino services.

8. Plaintiff uses the STATION CASINOS trademark as its corporate brand, and in connection with its family of STATION-branded casino hotels, which include Palace Station, Boulder Station, Sunset Station, Santa Fe Station, Texas Station and Red Rock Station.

9. Plaintiff owns federal trademark registrations for STATION CASINOS on the Principal Register of the United States Patent and Trademark Office ("USPTO"), including the following:

   a) **STATION CASINOS** for casino and gambling services (U.S. Reg. No. 1,864,405);

   b) **STATION CASINOS** for hotel services (U.S. Reg. No. 1,863,360); and

   c) **STATION CASINOS** for clothing (U.S. Reg. No. 2,224,338).

Plaintiff also owns federal trademark registrations for its family of STATION marks including:

   a) **PALACE STATION (and Design)** for gambling casino services (U.S. Reg. No. 1,494,589);

   b) **PALACE STATION** for gaming casino services (U.S. Reg. No. 1,480,097);

   c) **BOULDER STATION** for casino services (U.S. Reg. No. 1,634,453);

   d) **SUNSET STATION** for casino services (U.S. Reg. No. 2,793,353);

   e) **SANTA FE STATION** for casino services (U.S. Reg. No. 2,592,683);

   f) **TEXAS STATION GAMBLING HALL & HOTEL** for casino services (U.S. Reg. No. 2,097,143);

   g) **TEXAS STATION** for casino services (U.S. Reg. No. 2,085,735); and

   h) **RED ROCK STATION** for casino services (U.S. Reg. No. 2,845,193).

(collectively the "STATION CASINOS Marks"). Plaintiff's federal trademark registrations have not been abandoned, cancelled or revoked. Moreover, Plaintiff's federal trademark registrations

have become incontestable through the filing of Section 8 and 15 affidavits in the USPTO.

10.  In addition, Plaintiff owns Nevada state trademark registrations for the STATION CASINOS Marks, including:

a) **STATION CASINOS** for hotel services (NV Reg. SM00260089);

b) **STATION CASINOS** for casino services (NV Reg. SM00260090);

c) **PALACE STATION** for gaming, casino and related restaurant and bar facilities (NV Reg. TN00180796);

d) **PALACE STATION** for hotel, lodging, gaming, casino and related services (NV Reg. SM00210229);

e) **BOULDER STATION** for casino services (NV Reg. SM00230433);

f) **BOULDER STATION** for hotel services (NV Reg. SM00230432);

g) **SUNSET STATION** for entertainment services (NV Reg. SM00290407);

h) **SUNSET STATION** for hotel and casino development services (NV Reg. SM00290408);

i) **SANTA FE STATION** for hotel, restaurant, bar, casino, retail and employment center services (NV Reg. SM00330325);

j) **TEXAS STATION** for casino and live entertainment services (NV Reg. SM00290165);

k) **TEXAS STATION** for hotel, restaurant and bar services (NV Reg. SM00290164)

l) **RED ROCK STATION** for hotel casino resort services (NV Reg. SM00360831);

m) **RED ROCK STATION** for hotel casino resort services (NV Reg. SM00360832); and

g) **RED ROCK STATION** for hotel casino resort services (NV Reg. SM00360833).

11.  Plaintiff has spent substantial sums of money to advertise and promote its business and the STATION CASINOS Marks in print and broadcast media, and on the Internet through its websites www.stationcasinos.com and www.stationsportsconnection.com, as well as its individual property websites, all of which are accessible throughout the United States and around the world.

12. Plaintiff has also made extensive use of the STATION CASINOS Marks on, among other things, signage, wearing apparel, souvenirs and promotional materials. Moreover, all of Plaintiff's casino hotels cross-promote the STATION CASINOS Marks.

13. Millions of visitors throughout the United States have visited and seen the STATION CASINOS properties since the Palace Station property first opened in 1976, and numerous consumer products and promotional items bearing the STATION CASINOS Marks have been sold or otherwise distributed since that time.

14. Based on its trademark registrations and extensive use, Plaintiff owns the exclusive right to use the STATION CASINOS Marks in connection with casino, hotel, retail and related services in the United States and Nevada.

15. Moreover, based on their extensive use and consumer recognition, the STATION CASINOS Marks have become distinctive and famous in the United States and Nevada for resort, hotel and casino services.

### DEFENDANT'S INFRINGING ACTIVITIES

16. On or about February 4, 2010, Defendant registered the <stationcasinos.org> Internet domain name (the "Infringing Domain Name") with GoDaddy.com, Inc., a Registrar for domain names.

17. Some time after registration, Defendant linked the Infringing Domain Name to a website ("Infringing Website"), which explicitly attempts to lure away prospective visitors to Las Vegas. For example, the Infringing Website contains a section entitled "Online Roulette Betting and Payout Power," which states:

> Walk in the [sic] Vegas and there's always a party to be found at the roulette tables – host to some of the most incredible gambles in the world . . . ***Thankfully, there's no longer any need to jet out to Sin City to feel the roulette rush, with the latest generation of online roulette tables proving real-feel 3D graphics and genuine Vegas gaming engines.***

(Emphasis added).

18. The Infringing Website contains links to a website entitled "Online Vegas" located at www.onlinevegas.com ("Online Vegas Website"). The Online Vegas Website allows users to gamble online, offering blackjack, roulette, slots, craps and video poker.

19. The Infringing Domain Name contains Plaintiff's famous STATION CASINOS Marks in their entirety.

20. The STATION CASINOS Marks were distinctive and famous at the time Defendant registered the Infringing Domain Name.

21. Defendant did not obtain Plaintiff's consent or authorization to register a domain name containing Plaintiff's STATION CASINOS Marks.

22. Upon information and belief, by registering and using a domain name containing Plaintiff's STATION CASINOS Marks, Defendant was and is attempting to trade off the goodwill Plaintiff has built in those Marks.

23. Upon information and belief, by registering and using a domain name containing Plaintiff's STATION CASINOS Marks, and by linking the associated website to an online gaming website, Defendant was and is attempting to create an association between the Infringing Domain Name and Plaintiff's STATION CASINOS Marks.

24. Upon information and belief, by registering and using a domain name containing Plaintiff's STATION CASINOS Marks, Defendant was and is attempting to create an association between the Online Vegas Website and Plaintiff's casino services.

25. Upon information and belief, by registering and using a domain name containing Plaintiff's STATION CASINOS Marks, Defendant was and is intending to divert customers from Plaintiff's website to a site accessible under the Infringing Domain Name in a manner that could harm the goodwill represented by Plaintiff's STATION CASINOS Marks.

26. Upon information and belief, Defendant registered the Infringing Domain Name with the bad faith intent to profit from Plaintiff's STATION CASINOS Marks.

27. Upon information and belief, Defendant has no trademark or other intellectual property rights in the STATION CASINOS name or Marks.

28. Upon information and belief, Defendant has never used the Infringing Domain Name in connection with the bona fide offering of any goods or services.

29. Upon information and belief, Defendant did not believe or have reasonable grounds to believe that his use of the Infringing Domain Name was a fair use or otherwise lawful.

## COUNT I

### (Cybersquatting – 15 U.S.C. § 1125(d))

30. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31. Defendant has registered, trafficked in, and/or used a domain name that is confusingly similar to Plaintiff's STATION CASINOS Marks.

32. Plaintiff's STATION CASINOS Marks were distinctive and famous at the time Defendant registered the Infringing Domain Name.

33. Upon information and belief, Defendant has and/or had a bad faith intent to profit from Plaintiff's STATION CASINOS Marks.

34. As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT II

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

35. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

36. By registering a domain name containing Plaintiff's STATION CASINOS Marks and linking the associated website to the Online Vegas Website, Defendant intentionally and knowingly used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

37. Defendant's use of a domain name containing Plaintiff's STATION CASINOS Marks has created a likelihood of confusion among consumers who may falsely believe that the Infringing Domain Name is associated with STATION CASINOS properties or that Plaintiff sponsors or approves of Defendant's services or commercial activities.

//

//

38. Defendant's use of a domain name containing Plaintiff's STATION CASINOS Marks is also likely to cause initial interest confusion and to divert Internet users away from Plaintiff's websites.

39. Defendant's continued and knowing use of Plaintiff's STATION CASINOS Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III

**(Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))**

41. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

42. Defendant's use of a domain name that is confusingly similar to Plaintiff's STATION CASINOS Marks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

43. Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that Defendant's services are produced by, or affiliated or associated with Plaintiff, when in fact they are not.

44. Upon information and belief, Defendant acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation. Defendant's conduct is willful, wanton and egregious.

45. As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

//

//

## COUNT IV

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

46. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

47. Plaintiff's STATION CASINOS Marks have acquired fame and distinctiveness throughout the United States and the world.

48. Based on Plaintiff's continuous and extensive use of the STATION CASINOS Marks, they are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

49. Defendant began using, in commerce, a domain name containing Plaintiff's STATION CASINOS Marks after Plaintiff's STATION CASINOS Marks became famous.

50. Defendant's unauthorized use of a domain name that is confusingly similar to Plaintiff's STATION CASINOS Marks has and will cause dilution of the distinctive quality of Plaintiff's STATION CASINOS Marks and the goodwill associated with them, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51. Upon information and belief, Defendant's actions were willful in nature, in that Defendant willfully intended to trade on Plaintiff's reputation or to dilute Plaintiff's STATION CASINOS Marks.

52. As a direct and proximate result of Defendant's dilution of Plaintiff's STATION CASINOS Marks, Plaintiff has suffered, and will suffer, irreparable injury to its business, reputation, and goodwill.

## COUNT V

### (State Trademark Infringement – N.R.S. § 600.420)

53. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

54. By registering a domain name containing Plaintiff's STATION CASINOS Marks and linking it to an online gambling website, Defendant intentionally and knowingly used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's trademarks in

connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

55. Defendant's use of a domain name containing Plaintiff's STATION CASINOS Marks has created a likelihood of confusion among consumers who may falsely believe that the Infringing Domain Name is associated with the STATION CASINOS brand or that Plaintiff sponsors or approves of Defendant's services or commercial activities.

56. Defendant's use of a domain name containing Plaintiff's STATION CASINOS Marks is also likely to cause initial interest confusion and to divert Internet users away from Plaintiff's websites.

57. Defendant's continued and knowing use of Plaintiff's STATION CASINOS Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's registered state trademarks in violation of N.R.S. § 600.420.

58. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT VI

**(State Trademark Dilution – N.R.S. § 600.435)**

59. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60. Based on Plaintiff's continuous and extensive use of the STATION CASINOS Marks, the STATION CASINOS Marks have acquired fame and distinctiveness throughout the State of Nevada, the United States and the world.

61. Defendant began using, in commerce, a domain name containing Plaintiff's STATION CASINOS Marks, after Plaintiff's STATION CASINOS Marks became famous in Nevada.

62. Defendant's unauthorized use of a domain name that is confusingly similar to Plaintiff's STATION CASINOS Marks has and will cause dilution of the distinctive quality of Plaintiff's STATION CASINOS Marks and the goodwill associated with them.

63. Upon information and belief, Defendant's actions were willful in nature, in that Defendant willfully intended to trade on Plaintiff's reputation or to dilute Plaintiff's STATION CASINOS Marks.

64. As a direct and proximate result of Defendant's dilution of Plaintiff's STATION CASINOS Marks, Plaintiff has suffered, and will suffer, irreparable injury to its business, reputation, and goodwill.

## COUNT VII

### (Common Law Trademark Infringement)

65. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

66. By virtue of having used and continuing to use its STATION CASINOS Marks, Plaintiff has acquired common law trademark rights in the marks.

67. Defendant's use of a domain name containing Plaintiff's STATION CASINOS Marks infringes Plaintiff's common law trademark rights in its STATION CASINOS Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services originate from, are affiliated with, or are endorsed by Plaintiff, when, in fact, they are not.

68. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT VIII

### (Common Law Intentional Interference with Prospective Economic Advantage)

69. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

70. Upon information and belief, at and since the time Defendant began using Plaintiff's STATION CASINOS Marks, Defendant knew and has known that Plaintiff is in the business of providing resort hotel casino services, and that Plaintiff advertises these services on the Internet using Plaintiff's STATION CASINOS Marks.

71. Upon information and belief, Defendant committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from advertising and/or providing these services.

72. Defendant's actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting web users away from Plaintiff's websites to the Online Vegas Website associated with the Infringing Domain Name.

73. Defendant has no legal right, privilege or justification for this conduct.

74. As a direct and proximate result of Defendant's intentional interference with the Plaintiff's prospective economic advantage, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

75. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff is entitled to recover monetary damages, exemplary or punitive damages and reasonable attorneys' fees and costs incurred in connection with this action.

## COUNT IX

### (Deceptive Trade Practices – N.R.S. § 598.0915)

76. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

77. Upon information and belief, in the course of conducting business, Defendant knowingly made false representations as to an affiliation, connection, and/or association with Plaintiff by using marks identical and/or confusingly similar to Plaintiff's STATION CASINOS Marks, and otherwise engaged in deceptive trade practices.

78. As the direct and proximate result of Defendant's deceptive conduct, Plaintiff suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant, Defendant's respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from: (1) using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and (2) registering or trafficking in any domain names containing Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

B. a permanent injunction requiring the current domain name registrar to transfer the <stationcasinos.org> domain name to Plaintiff, and preliminary injunctive relief maintaining the *status quo* pending the outcome of this litigation;

C. an award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Plaintiff in an amount to be determined at trial;

D. an award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

E. all other relief to which Plaintiff is entitled.

DATED this 12th day of October, 2010     Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:     /s/ Laura E. Bielinski
Jason D. Firth (Nevada Bar No. 8801)
Laura E. Bielinski (Nevada Bar No. 10516)
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

Attorneys for Plaintiff
STATION CASINOS, INC.