JASON D. FIRTH (Nevada Bar No. 8801)
jfirth@bhfs.com
LAURA E. BIELINSKI (Nevada Bar No. 10516)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:   (702) 382-2101
Facsimile:   (702) 382-8135

Attorneys for Plaintiff
Station Casinos, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATION CASINOS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RYAN MURPHY, an individual,<br><br>Defendants. | Case No. 2:10-cv-01770-GMN-LRL<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON PRELIMINARY INJUNCTION** |

UPON CONSIDERATION of the motion filed by Plaintiff Station Casinos, Inc. ("Plaintiff") for a temporary restraining order and injunction to place a certain domain name on hold and lock, the supporting memorandum of points and authorities, the supporting declaration and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1. Plaintiff will suffer irreparable injury if the Court does not require GoDaddy.com, Inc. ("GoDaddy"), the domain name registrar, to place the domain name <stationcasinos.org> (the "Infringing Domain Name") on hold and lock, pending litigation of this matter;

2. Plaintiff is likely to succeed on the merits of its claim for cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) because Plaintiff has demonstrated that Defendant Ryan Murphy ("Defendant") registered the Infringing Domain Name with a bad faith intent to profit from the Plaintiff's STATION CASINOS trademarks

("STATION CASINOS Marks"), which were distinctive at the time Defendant registered the Infringing Domain Name; and

3. The balance of hardships tips in favor of Plaintiff because issuance of the temporary restraining order would merely place the Infringing Domain Name on hold and lock pending trial, and failure to issue the restraining order would cause Plaintiff to suffer and incur additional expense in having to file additional lawsuit(s) if the Infringing Domain Name was to be transferred to other registrants during the pendency of this action;

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

A. The Infringing Domain Name shall be immediately placed on hold and lock by GoDaddy;

B. GoDaddy shall disable the current domain name server information;

C. In the event that GoDaddy refuses or fails to comply with this Order within five days of its issuance, the top level domain (TLD) Registry for the Infringing Domain Name shall be authorized to place the Infringing Domain Name on Registry Hold status, thus removing them from the TLD zone files maintained by the Registry, which link the Infringing Domain Name to the IP address where the associated website is hosted; and

D. A nominal bond of $100 shall be required because the evidence indicates that Defendant will only suffer, if at all, minimal damage by the issuance of this temporary restraining order and injunction.

**ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION**

UPON CONSIDERATION of the motion filed by Plaintiff for a preliminary injunction enjoining Defendant from maintaining any further registration or use of the Infringing Domain Name, which contains the STATION CASINOS Marks, the supporting points and memorandum of authorities, the supporting declaration and evidence, the record in this case, and for good cause shown;

In addition, to ensure Defendant receives timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Plaintiff may, in addition to the requirements of service identified in Federal Rules of Civil Procedure 4

and 5, serve the Motion, this Order, and all other pleadings filed to date on Defendant by e-mail transmission;

THE COURT HEREBY sets the hearing for Plaintiff's motion for a preliminary injunction on November 3, 2010, at 9:00a.m. to be held in Courtroom 7D at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada.

Further, the Court sets forth the following briefing schedule relating to Plaintiff's motion:

1. Defendant shall file and serve his opposition papers, if any, no later than October 20, 2010; and

2. Plaintiff shall file and serve its reply brief no later than October 26, 2010.

ENTERED this 14th day of October, 2010.

IT IS SO ORDERED this 14th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge