UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STATION CASINOS, INC., | ) | Case No.: 2:10-cv-01770-GMN-LRL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| RYAN MURPHY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Plaintiff's Motion for a Preliminary Injunction (ECF No. 6). A Temporary Restraining Order (ECF No. 14) was issued by this Court on October 14, 2010 and a hearing regarding a Motion for Preliminary Injunction was held on November 3, 2010. At the hearing Plaintiff made a motion for the Court to issue an ex parte Preliminary Injunction. For the following reasons the Court DENIES Plaintiff's motion.

## FACTS AND BACKGROUND

Plaintiff owns the trademark STATION CASINOS and used the trademark as a corporate brand, and in connection with its family of Station-branded casino hotels, which include Palace Station, Boulder Station, Sunset Station, Santa Fe Station, Texas Station and Red Rock Station. Plaintiff owns federal trademark registrations for STATION CASINOS on the Principal Register of the United States Patent and Trademark Office, including: STATION CASINOS for casino and gambling services (U.S. Reg. No. 1,864,405); STATION CASINOS for hotel services (U.S. Reg. No. 1,863,360); and STATION CASINOS for clothing (U.S. Reg. No. 2,224,338). Plaintiff also owns eight federal trademark registrations for its family of STATION marks. Additionally, Plaintiff owns fourteen Nevada state trademark registrations for the

1  STATION CASINOS Marks. Plaintiff owns the Internet domain www.stationcasinos.com
2  and www.stationsportsconnection.com.  Plaintiff claims the exclusive right to use the
3  STATION CASINOS Marks in connection with casino, hotel, retail and related services
4  in the United States and Nevada.
5       Ryan Murphy is allegedly an individual and resident of Great Britain and operates
6  a website which is linked to an online casino that is accessible by and directed to United
7  States residents.  Defendant registered the internet domain name <stationcasinos.org>
8  with GoDaddy.com, Inc. on or about February 4, 2010.  The domain name is linked to a
9  website that contains a section about online roulette betting.  The website also contains
10 links to another website "Online Vegas" located at www.onlinevegas.com.  The Online
11 Vegas website allows users to gamble online, offering blackjack, roulette, slots, craps and
12 video poker.
13      Plaintiff filed an ex parte motion for a temporary restraining order directing the
14 current registrar to disable or change the domain name server (DNS) information for the
15 allegedly infringing domain name and place the domain name on hold and lock for the
16 pendency of the litigation.  Additionally, Plaintiff requested that the current domain name
17 registry place the Infringing Domain Name on Registry Hold status, thus removing
18 Defendant from the TLD zone files maintained by the registry, which link the Infringing
19 Domain Name to the IP address where the associated website is hosted.  Finally, Plaintiff
20 requested a preliminary injunction to enjoin Defendant from using or maintaining a
21 registration for the Infringing Domain Name during the pendency of this action.
22      This Court granted Plaintiff's ex parte motion for a temporary restraining order,
23 allowing Plaintiff to serve Defendant via e-mail.  A hearing for Plaintiff's motion for a
24 preliminary injunction was set for November 3, 2010. (ECF No. 14).  Prior to the hearing
25 Plaintiff filed a notice of service attempt by e-mail on October 12, 2010.  (ECF No. 15).

1  Plaintiff indicated that Plaintiff's counsel had sent the Complaint, Summons, Motion for
2  Temporary Restraining Order and Temporary Restraining Order to the e-mail address
3  Defendant provided to the domain registrar, ryan@stationcasinos.org.  The e-mail was
4  returned to Plaintiff's counsel as undeliverable.  Plaintiff's counsel then contacted a
5  representative of GoDaddy, Inc. to inquire whether the registrar possessed an additional
6  contact email address for Defendant and discovered there was none.  Plaintiff then tried
7  to effectuate service of the documents to Defendant via registered international mail.
8       The hearing for the Preliminary Injunction was held on November 3, 2010.
9  Plaintiff's counsel was present and informed the Court that service was still not
10 effectuated on Defendant.  Plaintiff explained that the physical address and phone
11 number provided to the registrar was not a valid address or phone number.  Therefore,
12 even after additional research to locate Defendant, Plaintiff has not been able to
13 effectuate service.  This Court extended the temporary restraining order for fourteen days
14 so that service could be effectuated on the Defendant before the Court made a decision on
15 the preliminary injunction.
16      As the temporary restraining order is set to expire on November 17, 2010 and no
17 other matters have been brought to the attention of the Court, the Court now considers
18 Plaintiff's ex parte motion for preliminary injunction.

### ANALYSIS

20  Fed. R. Civ. P. 65(a), allows the court to issue a preliminary injunction prior to
21 final disposition of litigation to preserve the status quo and to prevent irreparable loss of
22 rights prior to judgment. *Sierra One-Line, Inc. v. Phoenix Software, Inc.* (9th Cir. 1984).
23 Whereas a temporary restraining order may issue ex parte a preliminary injunction may
24 be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  Rule 65's
25 stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the

1 notion of court action taken before reasonable notice and an opportunity to be heard has
2 been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters &*
3 *Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974).
4     A temporary restraining order may be issued ex parte if the plaintiff can show:
5 (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to
6 plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the
7 plaintiff, and (4) advancement of the public interest (in certain cases). *Taylor v. Westly*,
8 488 F.3d 1197, 1200 (9th Cir. 2007).  The alternative test requires that a plaintiff
9 demonstrate either a combination of probable success on the merits and the possibility of
10 irreparable injury or that serious questions are raised and the balance of hardships tips
11 sharply in his favor.  *Id.*  "These two formulations represent two points on a sliding scale
12 in which the required degree of irreparable harm increases as the probability of success
13 decreases." *Id.*
14     While Plaintiff was able to demonstrate that it will suffer irreparable injury and
15 that it is likely to succeed on the merits of its claim for cybersquatting under the Anti-
16 cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), this Court is bound by
17 Rule 65's stringent restrictions on granting ex parte preliminary injunctions.  Therefore,
18 the Court DENIES Plaintiff's motion for preliminary injunction without prejudice.

## **CONCLUSION**

20     IT IS HEREBY ORDERED THAT Plaintiff's Motion for Preliminary Injunction
21 (ECF No. 6) is DENIED without prejudice.
22     IT IS FURTHER ORDERED THAT Plaintiff shall file Proof of Service of this
23 Order to GoDaddy within 30 days.
24     IT IS FURTHER ORDERED THAT the hold and lock placed on the
25 stationcasinos.org shall be disabled and GoDaddy shall reinstate the current domain

1 name server information.

2     DATED this 18th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge